FILED
99 JUN 14 PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 14 1999

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC TAYLOR, OZZIE WILLIAMS, ANTHONY CARLISLE, and STAN HIBBLER | ) ) ) | |
| PLAINTIFFS, | ) | |
| VS. | ) | CV98-H-0443-S |
| RYDER TRUCK RENTAL, INC. | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OF DECISION**

Defendant Ryder Truck Rental, Inc. filed a motion on April 19, 1999 seeking summary judgment as to plaintiff Ozzie Williams's claims. Along with the summary judgment motion, defendant filed a brief in support of the motion and an evidentiary submission on April 19, 1999.[1] Plaintiff filed a brief in response to defendant's motion for summary judgment on May 18, 1999, attaching a copy of a May 18, 1999 amendment filed by plaintiff with the Bankruptcy Court concerning his previously filed Statement of Financial Affairs. With permission of the court defendant filed a reply brief on May 24, 1999. The court gave

---

[1] As evidence in support of the motion defendant filed excerpts from plaintiff's depositions (conducted on December 4, 1998 and December 28, 1998) and exhibits thereto; documents from plaintiff's case pending in the United States Bankruptcy Court for the Northern District of Alabama, In the Matter of: Ozzie Lee Williams and Rhonda D. Williams, Case No. 95-06461-TBB-13; an opinion by the Superior Court of Houston County, Georgia in Simmons v. Pupek, No. 94-V-51723-N; and an opinion by the United States District Court for the Northern District of Georgia in Nwagearia v. Cabot Corp., No. 92-CV-2633-JTC.

plaintiff until June 4, 1999 to file a brief in reply. <u>See</u> May 25, 1999 order. Plaintiff filed a reply on June 4, 1999.

## I.   FACTUAL BACKGROUND

On October 19, 1995 plaintiff and his wife, Rhonda D. Williams, petitioned for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama. The Bankruptcy Court confirmed plaintiff's Chapter 13 repayment plan on December 14, 1995. Plaintiff has been represented by counsel in connection with his bankruptcy proceedings.

In Schedule B of the documents filed with plaintiff's bankruptcy petition plaintiff listed $4,795.00 of personal property including cash, a savings account, furniture, clothes and two automobiles. <u>Id.</u> When asked about "other contingent and unliquidated claims of every nature" plaintiff answered that he had none. <u>Id.</u> Plaintiff also declared under penalty of perjury that he had read the summary and schedules and that they were true and correct to the best of his knowledge, information and belief. <u>Id.</u> The form on which plaintiff made this declaration states that the penalty for making a false statement or concealing property is a fine up to $500,000 or imprisonment for up to 5 years or both. <u>Id.</u>

Another form completed by plaintiff and filed with the Bankruptcy Court was entitled "Statement of Financial Affairs." <u>Id.</u> Once again plaintiff declared under penalty of perjury that the answers in the Statement of Financial Affairs were true and

correct. Id. When plaintiff was asked to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case" he responded "None." Id. This form also reminded plaintiff of the criminal penalties involved with making a false statement or concealing property. Id.

At the time plaintiff filed these documents and certified their correctness under penalty of perjury he had one case pending in Jefferson County Circuit Court and a case that he had settled for $4,5000 on April 7, 1995, six months prior to the filing of his bankruptcy petition.² The pending case was settled one week after plaintiff filed his bankruptcy petition for $1,500.00. Plaintiff never disclosed the existence of these lawsuits or the money he received from the settlement of these lawsuits to the Bankruptcy Court. See December 28, 1999 Depo. of Williams at 15-19, 25-27.

Plaintiff filed this action in the United States District Court for the Northern District of Alabama on February 24, 1998, alleging federal claims under 42 U.S.C. § 1981 for racial discrimination, racial harassment and retaliation, as well as state law claims of outrage and negligence or malicious retention, supervision and training. Prior to the filing of

---

² The April 7, 1995 settlement occurred in his worker's compensation case styled Ozzie Lee Williams v. Kevin Ferguson, et al., Civil Action No. CV-94-7839. The action pending at the time he filed the petition was a personal injury action styled Sara Hughes and Ozzie Williams v. Safeco Automobile Insurance, Civil Action No. CV-94-6365.

defendant's motion for summary judgment in this case plaintiff had not amended any of his filings with the Bankruptcy Court to reflect the pendency of this action.

According to the Bankruptcy Court records plaintiff is still in Chapter 13 bankruptcy. Plaintiff was questioned concerning his other lawsuits and asked to review his bankruptcy filings in the presence of his counsel at the deposition on December 4, 1998 and December 28, 1998.

On May 10, 1999 plaintiff filed with the Bankruptcy Court an "Amendment To Statement of Financial Affairs" with an affidavit attached. The amendment seeks to add in the section for listing of suits to which the debtor is a party reference to an action by plaintiff against defendant pending in the Circuit Court of Jefferson County, Alabama, Case No. 98-G-H-004-S. In the affidavit plaintiff states that he was not aware of the requirement to list that case and the first time he was made aware of this requirement was when his attorney informed him of the mistake that he had made. The amendment was purportedly filed "pro se" and the attorney mentioned in the affidavit is not the attorney who has been representing plaintiff in the bankruptcy proceeding. This amendment makes no mention of the case pending before this court.

Then on May 18, 1999 plaintiff filed a second amendment to the Statement of Financial Affairs adding this action to the filing. This amendment was purportedly filed "pro se." The

amendment offers no explanation of why this amendment was not made at an earlier time.

## II.  LEGAL ANALYSIS

### A.  Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115

(11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Id.</u> at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See <u>Fitzpatrick</u>, 2 F.3d at 1115-17 (citing <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428 (11th Cir. 1991)(<u>en banc</u>)). In this case Amoco's burden varies depending on the claim. If the moving party bears the burden of proof at trial, as with Amoco's claims of money had and received, conversion and unjust enrichment, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, as with the counterclaim in this case, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial. Once the moving party

6

satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question.  This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the nonmoving party's case.  <u>Fitzpatrick</u>, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts.  <u>Lewis v. Casey</u>, 518 U.S.343 (1996).

    **B.  Consideration of Judicial Estoppel**

Under Chapter 13 federal bankruptcy laws, the property of the bankrupt estate include "all [legal and equitable interests

of the debtor and property] . . .that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12, of this title, whichever occurs first . . ." <u>See</u> 11 U.S.C. §§ 541(a)(1) & 1306(a)(1). "Disclosure by the debtor of all legal or equitable property interests is important under the overall scheme of the bankruptcy code." <u>Valley Federal Savings Bank v. Anderson</u>, 612 N.E.2d 1099, 1102 (Ind. App. 1993). "[T]hroughout the entire course of a Chapter 13 [bankruptcy proceeding], creditors have a legitimate expectancy in receiving a distribution based on the debtor's circumstances and the composition of the bankruptcy estate as they presently exist, <u>not as they once were when the petition was filed.</u>" <u>In re Lybrook</u>, 107 B.R. 611, 613 (Bankr. N.D. Ind. 1989), <u>aff'd</u>, 135 B.R. 321 (N.D. Ind. 1990), <u>aff'd</u>, 951 F.2d 136 (7th Cir. 1991) (emphasis added). Likewise, "the bankruptcy court relies on the representations of the debtor with respect to whether he or she has claims or interests arising out of matters before the court." <u>Brassfield v. Jack McLendon Furniture, Inc.</u>, 953 F. Supp. 1424, 1432 (M.D. Ala. 1996).

 The court agrees with the reasoning by the Indiana state court in <u>Valley Federal Savings Bank.</u> 612 N.E.2d 1099, 1102 (Ind. App. 1993). Allowing a debtor to proceed with a post-petition cause of action which did not exist when debtor filed his schedules or when the court confirmed the repayment plan could result in concealing an asset of the bankruptcy estate from

the creditors and the bankruptcy court. <u>Valley Federal</u>, 612 N.E.2d at 1102. This appears problematic where, as in this case, the debtor (represented by counsel) had failed to report the post-petition cause of action to the bankruptcy court fourteen months after commencing this action.

The court concludes that this lawsuit is clearly property of the bankrupt estate. <u>See generally</u> <u>In re Rivera</u>, 186 B.R. 505, 507 (D. Kan. 1995). As defendant points out, it is the Bankruptcy Court's determination as to whether plaintiff should be allowed to amend his filings at this stage of the proceedings.

Defendant seeks to have this court judicially estop Williams from proceeding with this action due to his failure to disclose its existence as an asset in the Bankruptcy Court. Judicial estoppel is intended to protect the integrity of the judicial system by precluding a party from assuming a position in a legal proceeding inconsistent with one previously asserted when inconsistency would allow the party "to play fast and loose with the courts." <u>Chandler v. Samford Univ.</u>, 35 F. Supp. 2d 861 (N.D. Ala. 1999) (quoting <u>Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355, 361-62 (3d Cir. 1996)).

In order for the court to apply judicial estoppel in this case the undisputed facts must demonstrate: (1) the positions asserted are in fact inconsistent; and (2) the inconsistency would allow a party to benefit from deliberate manipulation of the courts. <u>Chandler</u>, 35 F. Supp. at 863. As to the first prong, the court agrees with the reasoning in <u>Chandler</u> and other

9

cases cited therein, that a debtor's assertion of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions. Id. In this case, it is not the debtor's failure to initially disclose, but rather his failure to amend his earlier filings to keep them accurate during the entire bankruptcy proceeding that constitutes the inconsistent position. Williams's failure to disclose the existence of this lawsuit by an amendment to his bankruptcy filings equates to denying the existence of a cause of action against defendant. The filing and maintaining of this action constitutes an inconsistent position.

In relation to the second prong, courts have looked to the combination of a party's knowledge of the claim and motive for concealment in the face of an affirmative duty to disclose the claim as providing sufficient evidence of an intent to manipulate the judicial system. Chandler, 35 F. Supp. at 864; Ryan Operations, G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 363 (3d Cir. 1996); In re Tippins, 221 B.R. 11, 27 (Bankr. N.D. Ala. 1998). There is no dispute that plaintiff Williams was aware of the existence of his claim against defendant since at least his filing of the complaint in this case on February 24, 1998, some fourteen months before defendant's motion for summary judgment was filed.

Likewise, the law establishes an affirmative duty on a debtor's part to disclose all interest in property the estate acquires after the commencement of the estate and while the

Chapter 13 proceeding is ongoing. 11 U.S.C. §§541(a)(1) & 1306(a)(1).[3] Post-petition lawsuits filed during the pendency of a Chapter 11 or 13 bankruptcy proceeding involve the same affirmative duty to disclose.[4] <u>Southmark Corp. v. Trotter, Smith & Jacobs</u>, 442 S.E.2d 265 (Ga. App. 1994). The record from the Bankruptcy Court provides no indication that the Chapter 13 proceeding has been converted or terminated. Therefore, plaintiff's duty to disclose all property interests relating to property of the bankrupt estate existed throughout the time this action has been pending.

When determining if plaintiff intended to manipulate the courts by concealing the claims asserted in this court, plaintiff's past activities become relevant. The fact that plaintiff has previously obtained and spent $6,000 from the settlement of two lawsuits without ever disclosing these proceeds in order to make them available for payments to creditors shows

---

[3] Plaintiff attempts to rely on the court's decision in <u>Brassfield v. Jack McLendon Furniture, Inc.</u>, 953 F. Supp. 1424, 1432 (M.D. Ala. 1996). However the court makes clear in that case that the reasoning is distinguishable because the debtor sought bankruptcy protection under Chapter 7 which allows a debtor to retain possession of property acquired after the commencement, unlike Chapter 11 or 13. <u>Brassfield</u>, 953 F. Supp. at 1432.

[4] Plaintiff argues that his case is distinguishable because of the extended period of time between his filing of the petition and the filing of this action. However, upon closer review two of the cases relied on by defendant involved post-petition lawsuits as much as six years after the commencement of the bankruptcy proceedings. <u>Valley Federal Savings Bank v. Anderson</u>, 612 N.E.2d 1099, 1102 (Ind. App. 1993); <u>Luna v. Dominion Bank of Middle Tennessee, Inc.</u>, 631 So. 2d 917 (Ala. 1993)(action filed 18 months after discharge of debts).

that he has concealed such property before. Williams's action in failing to disclose the settlement money from the two earlier lawsuits certainly has allowed him to make use of money that would have otherwise been paid to his creditors. Likewise, were plaintiff to recovery money in this action based on a judgment in his favor or settlement, it appears likely that such money would have been concealed from the creditors, absent the filing of this motion for summary judgment which prompted an amendment in the bankruptcy court filings.

Plaintiff cites to a Georgia state court case to support his position. Johnson v. Trust Company Bank, 478 S.E.2d 629 (Ga. App. 1996). In Johnson, the court refused to apply judicial estoppel due to the diligent efforts of the plaintiff. In that case, even though the plaintiff failed to include the pending lawsuit in Schedule B of the bankruptcy filings, the plaintiff gave information about the lawsuit to his attorney and the Bankruptcy Trustee, referred to his claim in the Statement of Financial Affairs, and promptly amended Schedule B once he became aware it should have been included in Schedule B. 478 S.E.2d 629. In this case, despite being questioned during the December, 1998 depositions about numerous lawsuits, including the present action, and being presented with copies of his bankruptcy filings plaintiff made no attempt to remedy the situation until responding to the defendant's motion for summary judgment on May 18, 1999, over four months later.

12

Although Williams attempts to plead ignorance and mistake in the affidavit filed May 10, 1999, these allegations related only to his pending state court claim against defendant. Plaintiff has failed to present any such evidence in relation to his failure to amend his earlier bankruptcy filings to include reference to this action. Even with such evidence, there is sufficient proof of knowledge of this claim and the existence of a duty on Williams's part to report this action, that mere negligence is insufficient to remedy the situation where Williams knew of his pending bankruptcy proceedings and this lawsuit, especially when his attorney was made aware of this problem through questioning of plaintiff and access to records during the deposition. While the total elimination of Williams's claims upon application of judicial estoppel may appear harsh, the policy and purpose behind Chapter 13 bankruptcy proceedings cannot be maintained if debtors are allowed to deny the existence of assets by ignoring their reporting responsibilities and benefit by confirmation of a payment plan, absent consideration of a lawsuit and any resulting recovery.

Based on the foregoing, the court concludes that the circumstances in this case create a necessary basis for applying judicial estoppel and thereby granting defendant's motion for summary judgment as to Williams's claims. The accompanying order rules on a distinct legal issue that fully Post-petition lawsuits filed during the pendency of a Chapter 11 or 13 bankruptcy proceeding involve the same affirmative duty to disclose.

<u>Southmark Corp. v. Trotter, Smith & Jacobs</u>, 442 S.E.2d 265 (Ga. App. 1994). That order disposes of all claims by plaintiff Ozzie Williams. Determining that there is no just reason for delay, the court will direct the clerk to enter the accompanying order as a final judgment under Rule 54(b). A separate order will be entered.

    DONE this ___14th___ day of June, 1999.

                                                /s/ James H. Hancock
                                  SENIOR UNITED STATES DISTRICT JUDGE